**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4721**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ALANDA WOODSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00507-HEH-1)

Submitted:  February 24, 2010          Decided:  March 11, 2010

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  Stephen Wiley Miller, Assistant United States Attorney, Richmond, Virginia; Jessica Aber Brumberg, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alanda Woodson appeals his conviction and 300-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 (2006) and 18 U.S.C. § 2 (2006) ("Count 1"), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) ("Count 2"). Woodson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for review, but questioning whether Woodson was improperly classified as a career offender, whether the district court erred in sentencing Woodson as a career offender because he never received notice of such classification, and whether Woodson received ineffective assistance of trial counsel. The Government has moved to dismiss Woodson's appeal on the basis that Woodson explicitly waived his right to appeal his sentence in the plea agreement.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks

2

omitted).  To determine whether the waiver is knowing and intelligent, we look to "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).  Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 ("Rule 11") colloquy, the waiver is valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Neither Woodson nor counsel challenges the validity of Woodson's waiver of appellate rights.  The plea agreement, which Woodson signed, clearly and unambiguously stated that he waived his right to appeal "the conviction and any sentence within the statutory maximum . . . (or the manner in which that sentence was determined) . . . on any ground whatsoever."  At the plea hearing, the district court substantially complied with Rule 11 in performing the plea colloquy.  Most importantly, the district court specifically ensured that Woodson understood the appellate waiver provision, posing various scenarios and asking if Woodson understood he could not appeal in each scenario.  Woodson, who was twenty-one years old at the time and a high-school graduate, repeatedly acknowledged that he understood the waiver.

Accordingly, we find that the guilty plea and appellate waiver provision therein were knowing and voluntary, and thus, valid and enforceable.

We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168. Woodson explicitly waived his right to appeal the manner in which his sentence was determined, so long as it was within the statutory maximum, which was 240 months on Count 1 with a mandatory consecutive sixty-month sentence on Count 2. Thus, Woodson's arguments that he was improperly classified as a career offender and that he did not receive notice of that classification fall within the scope of that waiver. Accordingly, we grant in part the Government's motion to dismiss the appeal.

The appellate waiver does not, however, foreclose Woodson's final claim of ineffective assistance of trial counsel. See Johnson, 410 F.3d at 151. Nor does it preclude our Anders review of the integrity of the Rule 11 proceeding. Therefore, we deny in part the Government's motion to dismiss the appeal.

A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136

4

F.3d 972, 979 (4th Cir. 1998). We find that the record does not conclusively establish that trial counsel provided ineffective assistance. Accordingly, we decline to consider Woodson's claim on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no unwaived and meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Woodson, in writing, of his right to petition the Supreme Court of the United States for further review. If Woodson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Woodson. We therefore deny counsel's motion to withdraw and dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>